CHRISTOPHER McGOVERN v. PETER McGOVERN and Others.[1]

July 5, 1901.

Nos. 12,681—(183).

**Adverse Possession—Findings Sustained by Evidence.**

Appeal by defendant, Lawrence McGovern, from an order of the district court for Blue Earth county, Cadwell, J., denying a motion for a new trial. Affirmed.

*H. L. & J. W. Schmitt* and *Daniel Buck,* for appellant.

*P. McGovern* and *Severance & Andrews,* for respondent.

PER CURIAM.

This was an action in partition. Plaintiff recovered in the court below, the partition of the property in controversy was ordered, and defendant Lawrence McGovern appealed from an order denying a new trial.

The only questions presented by the assignments of error are whether the findings of fact made by the trial court are sustained by the evidence. The land in controversy was formerly owned by Thomas McGovern, who died in November, 1882. The parties to this action are his heirs at law, to whom, with the widow, the land was assigned by the final decree of the probate court. Subsequent to his death, and until her death in 1895, the widow continued in possession of the premises under claim of title by virtue of the last will of the deceased husband. Prior to her death she conveyed the property to appellant, who now claims to own it, basing his claim of ownership upon an alleged adverse possession for more than fifteen years next preceding the commencement of the action. It is not claimed that appellant occupied and possessed the premises for fifteen years, but it is contended that the widow's possession while she lived was adverse to the rights of

1 Reported in 86 N. W. 1102.

the other heirs, that appellant succeeded to her rights, and upon her death took and continued the possession held by her.

Whether the claims of the appellant in this respect are true or not was a question of fact for the trial court to determine. Mere possession, unaccompanied by claim of ownership, is wholly insufficient to create title by adverse possession; and whether the essentials necessary to constitute such title existed in point of fact in this case was for the trial court to determine from all the evidence. We have examined the evidence returned to this court very fully and carefully, and reach the conclusion that the determination of the trial court cannot be disturbed. No questions of law are presented in the record, and a discussion of the evidence would serve no good purpose as a precedent, and we refrain from doing so.

The order appealed from is affirmed.